# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DOUGLAS BARRETT, JR.

## DEFENDANTS
THE MALVERN SCHOOL, BUSY BEES NORTH AMERICA, MALVERN SCHOOL REAL ESTATE LP, KRISTEN WATERFIELD, JOSEPH A. SCANDONE AND MARNIE RHEN

**(b)** County of Residence of First Listed Plaintiff: **Delaware County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patricia V. Pierce and Christen Casale
Goldshaw Greenblatt Pierce LLC 215-978-9090
Two Penn Center, Suite 1230, 1500 JFK Blvd, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 29 U.S.C. § 215 ("FLSA")

Brief description of cause:
Gender discrimination, unpaid wages, unlawful termination in retaliation and tortious interference with a business relationship

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: Jun 13, 2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: The Malvern School/Busy Bees North America - 20 Creek Road, Glen Mills, PA 19342

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ✓ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
■ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

✓   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS BARRETT, Jr. : | |
| : | |
| PLAINTIFF : | CIVIL ACTION NO. |
| : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| THE MALVERN SCHOOL, : | |
| BUSY BEES NORTH AMERICA, : | |
| MALVERN SCHOOL REAL ESTATE LP, : | |
| KRISTEN WATERFIELD, : | |
| JOSEPH A. SCANDONE AND : | |
| MARNIE RHEN, : | |
| : | |
| DEFENDANTS : | |

**CIVIL ACTION COMPLAINT**

Plaintiff Douglas Barrett Jr. ("Plaintiff") files this Civil Action Complaint ("Complaint") against The Malvern School ("Malvern School"), Busy Bees North America ("Busy Bees"), Malvern School Real Estate LP ("Malvern School RE"), Kristen Waterfield, Joseph A. Scandone and Marnie Rhen (collectively "Defendants"), and in support thereof avers as follows:

**INTRODUCTION**

1. Plaintiff files this Complaint to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. § 991 *et seq.* ("PHRA") based on gender, as well as the Pennsylvania Wage Payment Collection Law 43 P.S. § 260.1 *et seq.* ("WPCL") and the Fair Labor Standards Act 29 U.S.C. § 215 ("FLSA"), and tortious interference with a business relationship. As set forth more fully herein, the Defendants engaged in the following unlawful activities:

   a. Malvern School and Busy Bees North America unlawfully failed to pay Plaintiff a bonus based on his gender.

   b. Malvern School RE, Kristen Waterfield, Joseph Scandone, and Marnie Rhen unlawfully failed to pay Plaintiff for work he completed for Malvern School RE.

   c. Malvern School RE and Busy Bees unlawfully terminated Plaintiff's employment in retaliation for raising good faith concerns regarding unpaid work.

   d. Malvern School RE, Kristen Waterfield, and Marnie Rhen unlawfully and tortiously interfered with Plaintiff's relationship with Busy Bees.

2. As a result of Defendants' unlawful actions, Plaintiff has suffered damages as set forth herein.

**JURISDICTION AND VENUE**

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over Plaintiff's Title VII and FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

4. The United States District Court for the Eastern District of Pennsylvania has supplemental subject matter jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367 because Plaintiff's remaining claims arise from a common set of facts as his claims arising under federal law.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because Defendant conducts business in this judicial district, and because a substantial

part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has properly exhausted his administrative remedies by filing a timely Complaint of Employment Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dual filed with the Pennsylvania Human Relations Commission ("PHRC"), and by filing the instant lawsuit within ninety (90) days of receiving the EEOC's final agency decision.

## FACTUAL BACKGROUND

### I. Plaintiff's Employment with the Malvern School

7. Plaintiff was hired by the Malvern School on or about February 2016 as the IT Manager, a newly created position paid on a salary basis and categorized as exempt from overtime pursuant to the FLSA.

8. Kristen Waterfield and Joseph Scandone owned the Malvern School.

9. For the majority of his employment, Plaintiff was the only IT professional supporting the Malvern School.

10. Plaintiff developed all IT processes and procedures for managing the technology of the Malvern School's 28 schools in Pennsylvania and New Jersey, as well as its Glen Mills Executive Office.

11. Plaintiff additionally handled day-to-day IT troubleshooting and support services.

12. Plaintiff received exemplary reviews throughout his employment with the Malvern School.

13. In approximately 2019, Plaintiff was promoted to IT Director.

14. Ms. Waterfield was the primary executive involved in the day-to-day operations and made all management decisions.

## II.   The Malvern School Failed to Pay Male Directors a Closing Bonus

15. Busy Bees purchased the Malvern School on September 29, 2023.

16. All female directors of the Malvern School received large closing bonus payments as part of the sale.

17. Plaintiff and the other male director, the Malvern School's Facilities Director, did not receive a closing bonus.

18. The disparate treatment of the Malvern School's male directors regarding the payment of closing bonuses is consistent with anti-male stereotyping and preferential treatment towards female directors by Ms. Waterfield.

19. Ms. Waterfield consistently prioritized training and development of female directors, but not male directors.

20. For instance, female directors including HR Director Gigi Garcia, Director of Operations Debbie Martin, and Program Director Christle Seal, were invited annually to attend Pennsylvania's Conference for Women.

21. No comparable training or networking opportunities were offered to male directors.

22. Marnie Rhen, Chief Financial Officer of the Malvern School, referred to Ms. Waterfield's live-in partner as a "kept man."

23. Ms. Martin was not terminated or disciplined following her mishandling of an incident involving child abuse at The Malvern School's Westtown location which occurred in or about September 2021.

24. Daisy Anetor, a director-level female employee who joined the Malvern School just a few months prior to the sale to Busy Bees, was awarded a closing bonus.

25. Upon information and belief, other female employees of the Malvern School were not disciplined or terminated for policy violations like theft.

### III. Plaintiff's Work for Malvern School RE

26. Shortly prior to the closing of the Malvern School's sale to Busy Bees, Ms. Rhen asked Plaintiff to set up the IT infrastructure for Mr. Scandone and Ms. Waterfield's new business, Malvern School RE.

27. Upon information and belief, Malvern School RE was a new business unrelated to Busy Bees.

28. Jackie Myers, a teacher from the Malvern School, was hired on a paid basis to oversee IT at this new real estate entity.

29. Ms. Myers did not have any IT training.

30. Plaintiff was not given a specific title or role, but was instructed to complete work on behalf of Malvern School RE.

31. Plaintiff spent many hours over days, nights and weekends to help support Malvern Real Estate.

32. Plaintiff transferred relevant cell phone numbers from the Malvern School to Malvern School RE.

33. Plaintiff set up a Microsoft Exchange server for Malvern School RE.

34. Plaintiff incurred expenses on his personal credit card to support Malvern School RE.

35. On or about October 12, 2023, Ms. Myers contacted Plaintiff and asked for further assistance setting up cell phones for Malvern School RE.

5

36. Plaintiff declined Ms. Myers' request, as he had not been paid for the work he had done setting up Malvern School RE thus far, and because he had not received a closing bonus following the Malvern School's sale to Busy Bees despite having been enticed by Ms. Waterfield to complete a labor-intensive camera project for the Malvern School as it prepared for the sale with promises of a bonus.

37. Plaintiff spoke with Ms. Waterfield on October 13, 2023 and relayed that he could not provide unpaid work for Malvern School RE any longer.

38. By this time, Plaintiff was working on a paid basis for Busy Bees following its purchase of the Malvern School.

39. During this conversation Ms. Waterfield noted that she "had it on good authority" that Plaintiff would have a job for at least a year with Busy Bees, though she did not know what would happen to his position long term.

40. Ms. Rhen contacted Plaintiff on October 20, 2023 and asked about the status of Plaintiff's work for Malvern School RE.

41. Ms. Rhen asked Plaintiff to set up another Microsoft Exchange domain for Malvern School RE.

42. Plaintiff told Ms. Rhen that he had already relayed to Ms. Waterfield that he would not be performing additional unpaid work for Malvern School RE.

43. Ms. Rhen told Plaintiff that he was required to continue working on an unpaid basis for Malvern School RE because the work had been assigned to Plaintiff prior to the closing of Busy Bees' purchase of the Malvern School.

44. On December 1, 2023, Ms. Rhen – who had, like Plaintiff, been hired by Busy Bees following the merger – called Plaintiff into the Busy Bees executive office under the guise of receiving his performance review.

45. At this meeting, Busy Bees HR Director Ms. Garcia informed Plaintiff that he was being terminated.

46. Ms. Garcia and Ms. Rhen provided Plaintiff with a separation agreement which stated that the decision to terminate was based in part "on the elimination of [Plaintiff's] position, [Plaintiff's] recent interaction with employees, and [Plaintiff's] inability to integrate into the company culture."

47. Upon information and belief, Busy Bees' decision to terminate Plaintiff's employment was unlawfully influenced by Defendants Malvern School RE, Ms. Waterfield, and Ms. Rhen.

48. Plaintiff told Ms. Garcia that he was being retaliated against for asserting his rights.

49. Ms. Garcia responded that Plaintiff had a right to complain but that he "needed to be nice about it."

50. Ms. Garcia did not deny that Plaintiff had made a complaint, nor did she deny that Plaintiff's complaint was the reason he was being terminated.

51. Upon information and belief, Malvern School RE and Kristen Waterfield, and Marnie Rhen used their relationship and influence with Busy Bees to convince Busy Bees to terminate Plaintiff's employment, in retaliation for Plaintiff complaining about not being paid for work completed on behalf of Malvern School RE, and not receiving a closing bonus.

## COUNT I
### Discrimination in Violation of Title VII (Malvern School and Busy Bees)

52. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

53. Plaintiff is male.

54. Malvern School and/or Busy Bees' decision to not pay Plaintiff a closing bonus associated with the sale of the Malvern School to Busy Bees was based on Plaintiff's gender.

55. By the aforesaid conduct, Defendants discriminated against Plaintiff based on his gender in violation of Title VII.

56. These actions, as laid forth in this Complaint, constitute violations of Title VII.

**WHEREFORE**, Plaintiff seeks judgment in his favor, and against Defendants, in the form of (a) backpay and benefits, (b) compensatory damages, (c) reinstatement, or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court.

## COUNT II
### Violation of the Pennsylvania Human Relations Act (Malvern School and Busy Bees)

57. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

58. Plaintiff is male.

59. Malvern School and/or Busy Bees' decision to not pay Plaintiff a closing bonus associated with the sale of the Malvern School to Busy Bees was based on Plaintiff's gender.

60. By the aforesaid conduct, Defendants discriminated against Plaintiff based on his gender in violation of PHRA.

61. These actions, as laid forth in this Complaint, constitute violations of PHRA.

**WHEREFORE,** Plaintiff seeks judgment in his favor, and against Defendants, in the form of (a) backpay and benefits, (b) compensatory damages, (c) reinstatement, or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, (f) liquidated damages, and (g) any other appropriate and/or equitable relief as allowed by law and as determined by the Court.

### COUNT III
### Violation of the Fair Labor Standards Act (Malvern School RE)

62. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

63. Plaintiff completed work on behalf of Malvern School RE.

64. Without any good faith excuse or justification, Malvern School RE willfully failed and refused to pay Plaintiff for work completed on behalf of Malvern School RE.

65. Plaintiff has suffered and incurred the loss of wages, attorneys' fees and costs, and other damages as the result of Defendants' actions.

66. The above actions constitute violations of the Fair Labor Standards Act by Defendants.

**WHEREFORE**, Plaintiff seeks judgment in his favor, and against Defendants, in the form of (a) minimum wage payment for all hours worked, (b) an additional equal amount as liquidated damages, (c) prejudgment interest, (d) attorneys' fees and costs, and (e) any other appropriate and/or equitable relief as allowed by law and as determined by the Court.

### COUNT IV
### Violation of the Wage Payment Collection Law (Malvern School RE, Kristen Waterfield, Joseph Scandone, Marnie Rhen)

67. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

68. Plaintiff completed work on behalf of Malvern School RE.

9

69. Without any good faith excuse or justification, Malvern School RE, Kristen Waterfield, Joseph Scandone, and Marnie Rhen willfully failed and refused to pay Plaintiff for work completed on behalf of Malvern School RE.

70. Plaintiff has suffered and incurred the loss of wages, attorneys' fees and costs, and other damages as the result of Defendants' actions.

71. The above actions constitute violations of the Pennsylvania Wage Payment and Collection Law by Defendants.

**WHEREFORE**, Plaintiff seeks judgment in his favor, and against Defendants, in the form of (a) compensatory damages, (b) liquidated damages, (c) prejudgment interest, (d) attorneys' fees and costs, (e) any other appropriate and/or equitable relief as allowed by law and as determined by the Court.

## COUNT V
**Retaliation in Violation of the Fair Labor Standards Act (Busy Bees, Malvern School RE)**

72. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

73. Without any good faith excuse or justification, Malvern School RE willfully failed and refused to pay Plaintiff for work completed on behalf of Malvern School RE.

74. Plaintiff raised a good faith concern regarding the Malvern School RE's failure to pay him minimum wage and/or overtime for his work.

75. The decision to terminate Plaintiff's employment with Malvern School RE was unlawful retaliation for having complained regarding Defendants' failure to pay Plaintiff the wages he was entitled to.

76. Malvern School RE further engaged in unlawful post-termination retaliation against Plaintiff in violation of the FLSA by using their influence with Busy Bees to convince Busy Bees to terminate Plaintiff's employment.

77. Busy Bees also unlawfully retaliated against Plaintiff in violation of the FLSA by terminating Plaintiff's employment based on his having complained regarding Malvern School RE's failure to pay Plaintiff the wages he was legally entitled to.

**WHEREFORE,** Plaintiff seeks judgment in his favor, and against Defendants, in the form of (a) unpaid overtime compensation, (b) equal amount as liquidated damages, (c) reinstatement, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court.

## COUNT VI
### Tortious Interference (Malvern School RE, Kristen Waterfield, Marnie Rhen)

78. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

79. Plaintiff had a contractual or economic relationship with Busy Bees.

80. Malvern School RE, Kristen Waterfield, and Marnie Rhen took purposeful action specifically intended to harm the relationship between Plaintiff and Busy Bees.

81. Malvern School RE, Kristen Waterfield, and Marnie Rhen lacked any privilege or justification for their actions.

82. Plaintiff suffered legal damages as a result of Malvern School RE, Kristen Waterfield, and Marnie Rhen's unlawful conduct, namely, he was fired from his position with Busy Bees.

11

**WHEREFORE**, Plaintiff seeks judgment in his favor, and against Defendants, in the form of compensatory and punitive damages, prejudgment interest, and any other appropriate and/or equitable relief as allowed by law and as determined by the Court.

Dated: June 13, 2025

Respectfully submitted,

**GOLDSHAW GREENBLATT PIERCE LLC**

_____
Patricia V. Pierce, Esquire (ID No. 010101998)
Christen L. Casale, Esquire (ID No. 170192015)
*Attorneys for Plaintiff, Douglas Barrett*